UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In re:

    JOSEPH GEORGE                       Bkcy. Case No. 17-14689-amc

    Debtor.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION RE-CONVERT TO A CASE UNDER
## CHAPTER 13 PURSUANT TO 11 U.S.C.S. § 706(a)

Joseph George, respectfully requests an order from this court re-converting his Chapter 7 case to one under Chapter 13 and in support of this Motion, Debtor avers the following:

1. Debtor filed a voluntary petition under the provision of 11 U.S.C. Chapter 13 on July 11, 2017.

2. Debtor for all purposes has proceeded in this manner with diligence and purpose as the estate embodies numerous assets and obligations many of which have required direct creditor contact and negotiation in order to formulate a feasible plan of reorganization.

2. On or about September 15, 2020, this Honorable Court dismissed debtor's case for what appears to be unreasonable delay as debtor's counsel was actually recovering from a significant medical infirmary and not able to attend the hearing. A copy of the Court's Order it attached hereto and made a part hereof as Exhibit "A".

3. Debtor's avers that at the outset of the case he had employed his counsel and both were working towards a proper and successful case.

4. Debtor avers that at the time of dismissal he was current with trustee payments and was paying his mortgage as well as other obligations while under bankruptcy protection.

5. Unfortunately, the Debtor, the Country and larger World was affected by the COVID-19 pandemic. It should be noted that debtor's counsel was afflicted with pneumonia early April 2020, again in June 2020 being hospitalized for 10 days and most recently being hospitalized with lung damage; due to these numerous health issues, counsel was unable to fully track the payment issue.

6. Prior to hearing on September 15, 2020, Debtor and his counsel had believed that it would be able to comply with all trustee request.

7. Considering debtor's unfortunate dismissal as he continues to move towards more stability. Debtor has reopened his business on a limited basis, and is still in need of bankruptcy protection and reorganization.

8. Debtor's bankruptcy was necessary to stop on-going harassment and threats of levies and is still necessary as many action are pending.

9. Debtor's Counsel has been considered healthy for the past week and a half and is attempting to assist debtors as originally contemplated by the parties. Despite some set-backs, counsel is prepared to proceed in this case and will fulfill his lawful and ethical obligations to said client.

10. Neither debtor's counsel or the debtor contemplated that the various health concerns and pandemic related obstacles would occur at the outset of this matter. Debtor is an honest individual and has been diligent in its attempts to properly proceed in this case.

If any situation called for extreme sympathy and empathy under the law in this Court, this matter would be a primary example.

11. Debtor currently needs to reconvert his case and be permitted to proceed in this matter under Chapter 13 as a Chapter 7 case would delay him and his current business circumstance and cause credit hardship. Debtor should be allowed to proceed in the instance case for the reasons stated above but largely because his counsel has been ill at various points this year and debtor was strongly affected by the Covid-19 pandemic.

12. There is no harm or prejudice to creditors in light of the foregoing because reinstatement of Plaintiff' case assures that all creditors, will receive appropriate treatment under the Code and this Court.

**WHEREFORE**, debtor respectfully asks that the Court grant this motion and for such other relief as is just and proper.

Date: October 29, 2020

By: /s/ Robert L. Young
Robert L. Young, Esquire
Attorney for Debtor
6950 Castor Avenue
Philadelphia, PA 19149
(267) 565-8127

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                         : CHAPTER 13
                                               :
    JOSEPH GEORGE                            :
                                               :
        Debtor                               : BANKRUPTCY NO. 17-14689AMC

**ORDER**

    **AND NOW**, this _____ day of _____, 2020, upon consideration of the Motion of the Chapter 13 Standing Trustee to Convert Case to Chapter 7 Pursuant to 11 U.S.C. Section 1307, and after notice and hearing, this case is hereby converted to Chapter 7.

BY THE COURT

**Date: September 15, 2020**

_____
HONORABLE ASHELY M. CHAN
BANKRUPTCY JUDGE

cc:

**Debtor**
Joseph George
508 Solly Drive
Philadelphia, PA 19136

**DEBTOR'S COUNSEL**
Robert Leite-Young, Esquire
6950 Castor Avenue
Philadelphia, PA  19149

**TRUSTEE**
William C. Miller, Esquire
Chapter 13 Standing Trustee
P.O. Box 1229
Philadelphia, PA  19105

**US TRUSTEE**
Kevin P. Callahan, Esquire
U.S. Department of Justice
Office of the United States Trustee
Eastern District of Pennsylvania
200 Chestnut Street, Suite 502
Philadelphia, PA  19106

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

In re:

JOSEPH GEORGE                                           Bkcy. Case No. 17-14689-amc

Debtor.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S MOTION(S)

Debtors through the undersigned counsel hereby submit this memorandum and argument in support of the within Motion(s).

I.   **ARGUMENT**

Section 706(a) of the Bankruptcy Code (*11 U.S.C.S. § 706(a)*) generally provided that a debtor could convert a case under Chapter 7 (*11 U.S.C.S. §§ 701 et seq.*) to some other chapters including Chapter 13 (*11 U.S.C.S. §§ 1301 et seq.*) "at any time" (if the case had not been converted under one of three specific provisions). Moreover, §706(a) further provided that any waiver of this right to convert a case was "unenforceable."

Unfortunately, the Debtor, the Country and larger World was affected by the COVID-19 pandemic. It should be noted that debtor's counsel was afflicted with pneumonia early April 2020, again in June 2020 being hospitalized for 10 days and most recently being hospitalized with lung damage; due to these numerous health issues, counsel was unable to fully track the payment issue.

Prior to hearing on September 15, 2020, Debtor and his counsel had believed that it would be able to comply with all trustee request. Considering debtor's unfortunate

dismissal as he continues to move towards more stability. Debtor has reopened his business on a limited basis, and is still in need of bankruptcy protection and reorganization. Debtor's bankruptcy was necessary to stop on-going harassment and threats of levies and is still necessary as many action are pending.

Debtor's Counsel has been considered healthy for the past week and a half and is attempting to assist debtors as originally contemplated by the parties. Despite some set-backs, counsel is prepared to proceed in this case and will fulfill his lawful and ethical obligations to said client. Neither debtor's counsel or the debtor contemplated that the various health concerns and pandemic related obstacles would occur at the outset of this matter. Debtor is an honest individual and has been diligent in its attempts to properly proceed in this case. If any situation called for extreme sympathy and empathy under the law in this Court, this matter would be a primary example.

## II.  **CONCLUSION**

As a Court of equity, the Honorable Judge Chan can permit debtor the ability to convert his case to one under Chapter 13 and attempt to proceed under counsel not in medical distress.

**WHEREFORE**, debtor respectfully asks that the Court grant this motion and for such other relief as is just and proper.

Date: October 29, 2020

By: /s/ Robert L. Young
Robert L. Young, Esquire
Attorney for Debtor
6950 Castor Avenue
Philadelphia, PA 19149
(267) 565-8127

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN RE:

JOSEPH P. GEORGE          Bankruptcy No. 17-14689

Debtor

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

I hereby certify that the within debtor's Motion to Re-Convert Chapter 7 case to one under Chapter 13 upon the following:

Commonwealth of Pennsylvania
PO Box 280948
Harrisburg, PA 17128

Goshen Mortgage, LLC
3000 Kellway Dr, Ste 150
Carrolton, TX 75006

Ocwen Loan Servicing, LLC
1661 Worthington Road
West Palm Beach, FL 33409

JP Morgan Chase Acqui Corp
PO Box 52708
Irvine, CA 92619

U.S. Bank, N.A.
298 Wissahickon Avenue
North Wales, PA 19454

Deutsche Bank National Trust Company
PO Box 65250
Salt Lake City, UT 84165

Wells Fargo Home Equity
1 Home Campus X2303-01A
Des Moines, IA 50328

Nationstar Mortgage, LLC
PO Box Dallas, TX 75261

City of Philadelphia
1401 JFK, 5th flr
Philadelphia, PA 19102

Deutsche Bank National Trust Company
PO Box 24605
West Palm Beach, FL 33416

Wells Fargo Bank, N.A.
Default Document Processing
N9286-01Y
1000 Blue Gentian Road
Eagan, MN, 55121-7700

William C. Miller, Trustee
1234 Market Street, Ste 1813
Philadelphia, PA 19107

United States Trustee
833 Chestnut Street
Suite 500
*Philadelphia, PA 19107-4405*


TERRY P. DERSHAW, Chapter 7 Trustee
Dershaw Law Offices
P.O. Box 556
Warminster, PA 18974

                        Respectfully submitted,

                            <u>s/ Robert L. Young</u>
                            Counsel for Debtor

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

In re:

    JOSEPH GEORGE                          Bkcy. Case No. 17-14689-amc

    Debtor.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

The above captioned Debtor having moved this Court by Motion for an Order to reconvert debtor's case to one under Chapter 13; it is

**The above captioned Debtor having moved this Court by Motion for an Order to Re-convert**; it is

**ORDERED**, that Debtor's motion to reconvert his case is granted and this case is hereby reinstated; and it is further

A(n) Order Converting Debtor's Chapter 13 Case to one under Chapter 7 was entered on September 15, 2020.

**IT IS ORDERED** that the Order Converting Debtor's Case is VACATED.

**IT IS ORDERED**, that debtor is permitted to proceed under Chapter 13.

**IT IS ORDERED**, that in the interest of justice and upon consideration by this Court that if neither of the above are considered appropriate, that the Honorable Court will allow debtor to proceed under new counsel and hold the matter under submission and allow debtor to proceed in a manner consistent within the provision(s) of the bankruptcy Code.

By the Court,

_____

**Dated:** _____ ___, _____

Hon. Ashely M. Chan
Chief United States Bankruptcy Judge